EDWARD A. TREDER
State Bar No. 116307
DANIEL A. VALENZUELA
State Bar No. 283138
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
400 Exchange, Suite 100
Irvine, California 92602
(949) 265-9940 – Phone
(949) 236-5567 – Fax
Email: DanielVa@bdfgroup.com

Attorneys for Defendant,
NATIONSTAR MORTGAGE LLC

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOWELL GRESHAM,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC; DOES 1 TO 20, INCLUSIVE,<br><br>Defendants. | Case No.: 5:15-cv-00017-NC<br><br>*Assigned to Hon. Nathaneal Cousins*<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**[FRCP 12(b)(6)]**<br><br>[Request for Judicial Notice and Proposed Order filed concurrently herewith]<br><br>Date: March 4, 2015<br>Time: 1:00 p.m.<br>Ctrm: A, 15th Floor |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 4, 2015, at 1:00 p.m., or as soon thereafter as may be heard in Courtroom A of the above entitled Court, located at - 450 Golden Gate Avenue, San Francisco, CA 94102, or otherwise as may be directed by the Court, defendant NATIONSTAR MORTGAGE LLC (collectively,

"Nationstar") will hereby move this Court to dismiss the Complaint of Plaintiff Lowells Gresham ("Plaintiff").

This Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) on that grounds that the Complaint fails to state a claim upon which relief may be granted. The Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrent Request for Judicial Notice, any reply thereto, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is proper, as well as any oral argument that may be presented at the time of the hearing.

Dated: January 14, 2015  BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP

By: /s/Daniel A. Valenzuela
Daniel A. Valenzuela
Attorneys for Defendant
NATIONSTAR MORTGAGE LLC

**Table of Contents**

I.   INTRODUCTION ................................................................................................... 1

II.  FACTUAL BACKGROUND ................................................................................ 2

III. ARGUMENT .......................................................................................................... 2

  A. Plaintiffs Failed To Allege A Viable Claim Against Nationstar. ..................... 2

     1.   Declaratory Relief and Injunctive Relief are not viable claims. ......................... 3

     2.   Plaintiff's Declaratory Relief Claim fails because there is no   controversy alleged that requires any court declaration. ...................................................................... 3

          A. Plaintiffs Failed To Allege A Viable Claim Against Nationstar. ……..7

          B. Plaintiff's contention that Nationstar has no authority to foreclose because the Subject Note and Deed of Trust were split is deficiently pled…………………………………………………………………..9

          C. Plaintiff failed to allege that Civil Code §§ 2923.55, 2923.6, and 2924.10 apply………………………………………………………10

          D. Plaintiff's 2923.55 and 2924.10 claims are deficiently pled …………10

          E. Plaintiff's third claim for violation of Civil Code § 2923.6 fails as pled …………………………………………………………………13

IV. CONCLUSION .................................................................................................... 11

**Cases**

*Abdallah v. United Savings Bank*, (1996) 43 Cal.App.4th 1101, 1109. ........................................ 7

*Ajetunmobi v. Clarion Mortg. Capital, Inc.*, (9th Cir. Dec. 12, 2014) 2014 WL 7004834, at *3 .. 5

*Chang Bee Yang v. Sun Trust Mortg., Inc.,* 2011 WL 902108, * 5 (E.D.Cal., 2011)...................... 6

*Fiedler v. Clark*, (9th Cir. 1983) 714 F.2d 77............................................................................... 5

*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 268...................................... 6,8

*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1154 ......................... 6,8

*Hafiz v. Greenpoint Mortg. Funding, Inc.,* (N.D.Cal., 2009)  652 F.Supp.2d 1039, 1043............. 6

*Hillblom v. United States*, (9th Cir.1990) 896 F.2d 426, 430......................................................... 5

*Jent v. Northern Trust Corp.* (E.D. Cal., 2014) 2014 WL 172542, at *5 ...................................... 10

*Karlsen v. American Savings & Loan Assoc.,*(1971) 15 Cal.App.3d 112, 121 .............................. 7

*Kassahun v. JPMorgan Chase Nat. Corporate Services, Inc.*,

(C.D. Cal, 2012) 2012 WL 1378659, at *4.................................................................................... 5

*Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 94....................................................................... 13

*Lane v. Vitek Real Estate Indus. Group* (E.D.Cal.2010) 713 F.Supp.2d 1092, 1099...................... 7

*Otay Land Co. v. Royal Indem. Co.*, (Cal. Ct. App. 2008) 169 Cal.App.4th 556, 562.................... 5

*Pantoja v. Countrywide Home Loans Inc.*, (N.D. Cal. 2009) 640 F.Supp.2d 1177, 1186............ 11

*Robinson v. Countrywide Home Loans, Inc.*, 199 Cal.App.4th 42, 46 (2011) ............................... 6

*Rockridge Trust v. Wells Fargo Bank, N.A.,* 2013 WL 5428722, *27 ......................................... 11

*Shaterian v. Wells Fargo Bank* (N.D.Cal.2011) 2011 WL 2314151........................................... 13

*Siliga v. Mortgage Electronic Registration Systems, Inc.*, (2013) 219 Cal.App.4th 75, 161 ......... 7

*United States Cold Storage v. Great Western Savings & Loan Association*

(1985) 165 Cal.App.3d 1214 ......................................................................................................... 7

*Valenzuela v. Wells Fargo Bank Nat. Ass'n*, (E.D. Cal., 2014) 2014 WL 309438, at *12........... 12

*Wadhwa v. Aurora Loan Servs., LLC*, (E.D.Cal., 2011) 2011 WL 2681483, at *4....................... 8

**Statutes**

*Civ. Code* § 2924.15 .................................................................................................................... 9

*Civ. Code* § 2924.18(b) ............................................................................................................. 10

*Civ. Code* §§ 2923.55(g) ……………………………………………………………......……10

*Civ. Code* § 2923.6(i) ……………………………………………………………………………10

*Civ. Code* § 2924.10 .......................................................................................................... 5, 10, 11

*Civ. Code* §2923.6 .............................................................................................................. 9, 12, 13

*Civ. Code* §2923.6(g) ................................................................................................................. 13

*Civ. Code* § 2923.55(b)(1)(B) .......................................................................................... 5, 9, 10, 11

*Civ. Code* § 2924.12(c) .............................................................................................................. 11

## **MEMORANDUM OF POINTS AND AUTHORITIES:**
### I.   **INTRODUCTION**

Plaintiff filed this action to obtain declaratory relief and an injunction of the pending foreclosure sale of the subject property. Initially, Plaintiff's entire Complaint fails because declaratory relief and injunctive relief are not viable claims but types of relief. Since there are no other claims to support the declaratory relief and injunction claim, Plaintiff's claims fail and the Complaint should be dismissed accordingly.

Plaintiff's Complaint also fails because it unsubstantiated and misguided. First, Plaintiff's challenge to the Nationstar Mortgage LLC's ("Natonstar") authority to foreclose is prohibited under California law. A borrower does not have standing to preemptively challenge a party's right to foreclose. Similarly, a borrower cannot challenge a foreclosure process without tendering the amounts due on the subject loan. Here, Plaintiff failed to allege any tender of the amounts due on the subject loan since November, 2012. Thus, Plaintiff is prohibited from bringing the instant challenge to the foreclosure.

Second, Plaintiff makes a vague allegation that the subject loan was securitized and transferred without the requisite endorsements. As a result, the loan and Deed of Trust were split and the loan is now unsecured. Plaintiff does not provide any facts or law to support his claim. Instead, he merely speculates that the alleged transfers occurred and concludes that it rendered the loan unsecured. This allegation is insufficient to state a claim against Nationstar.

Third, Plaintiff makes a cursory allegation that Nationstar (1) failed to send pre-foreclosure notices pursuant to Civil Code § 2923.55, (2) failed to send an acknowledgment of receipt of Plaintiff's loan modification application in violation of Civil Code § 2924.10; and (3) recorded foreclosure notices while a loan modification application was under review. Plaintiff does not allege that he is protected by any of these statutes or that Nationstar is obligated to comply with

the requirements of the statutes. Plaintiff does not allege any facts demonstrating a failure to comply with the alleged statutory requirements. Plaintiff also fails to allege that the alleged violations in any way prejudiced him. As such, the claims are deficiently pled and should be dismissed.

## II.  FACTUAL BACKGROUND

On or about January 30, 2011, Plaintiff Lowell Gresham ("Plaintiff") obtained a $665,000.00 refinance loan secured by a Deed of Trust on the real property located at 1937 San Miguel Canyon Road, Prundale, CA 93907 (the "Property"). (Request for Judicial Notice ("RJN"), Exhibit 1.) Beneficial interest under the Deed of Trust was assigned to Nationstar. (RJN, Exhibit 2.)

Plaintiff defaulted on his loan payments in January, 2011, and, as a result, a Notice of Default was recorded. (RJN, Exhibit 3.) Plaintiff again defaulted on the loan in November, 2012. (RJN, Exhibit 5.) A second Notice of Default was recorded on August 20, 2014. (Id.) A Notice of Trustee's Sale was recorded on December 9, 2014. (RJN, Exhibit 7.) The foreclosure sale has yet to occur.

## III.  ARGUMENT

### A.  Plaintiffs Failed To Allege A Viable Claim Against Nationstar.

Plaintiff's Complaint consists of only one claim for "Declaratory Relief and Injunctive Relief." (See, Complaint, generally). Plaintiff seeks a judicial determination stating that the subject loan is unsecured because it was transferred multiple times without the proper endorsements. (Cplt ¶ 7). Plaintiff also seeks to enjoin the pending foreclosure sale of the Property because Nationstar (1) did not send the pre-foreclosure notice required by Civil Code § 2923.55(b)(B)(i)-(v); (2) did not send the acknowledgement of receipt of Plaintiff's loan modification application pursuant to Civil Code § 2924.10; and (3) recorded the Notice of Trustee's Sale while a loan modification application was pending in violation of Civil Code § 2924.6. (Cplt, ¶¶5-12). Plaintiff's claim fails because he did not allege any facts demonstrating that he is entitled to the requested relief.

**1.      Declaratory Relief and Injunctive Relief are not viable claims.**

Initially, Plaintiff's claim for declaratory relief and injunctive relief fails because the alleged claims are remedies not claims. *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, (9th Cir. Dec. 12, 2014) 2014 WL 7004834, at *3.  Declaratory relief is not an independent claim, but a form of equitable relief. 28 U.S.C. §§ 2201, 2202; see also *Fiedler v. Clark*, 714 F.2d 77 (9th Cir. 1983) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). Injunctive relief is a remedy not a claim. *Kassahun v. JPMorgan Chase Nat. Corporate Services, Inc.*, (C.D. Cal, 2012) 2012 WL 1378659, at *4. Therefore, for this reason alone, Plaintiff's Complaint should be dismissed as a matter of law.

**2.      Plaintiff's Declaratory Relief Claim fails because there is no controversy alleged that requires any court declaration.**

The fundamental basis of an action for declaratory relief is the existence of an actual, present controversy over a proper subject. *Otay Land Co. v. Royal Indem. Co*., (Cal. Ct. App. 2008) 169 Cal.App.4th 556, 562 . For the purposes of the Declaratory Judgment Act, the "'actual controversy' requirement is the same as the case or controversy requirement of Article III of the United States Constitution. (Citation.)… Issuing a declaratory judgment in a case without an actual controversy is an advisory opinion, which is prohibited by Article III." *Parcray v. Shea Mortg. Inc.*, 2010 WL 1659369, * 5 (E.D.Cal., 2010) (internal citations omitted.) "A 'controversy' in this sense must be one that is appropriate for judicial determination... A justiciable controversy is [not one] of a hypothetical or abstract character [or] one that is academic or moot... [It is] definite and concrete, touching the legal relations of parties having adverse legal interests...." *Hillblom v. United States*, (9th Cir.1990) 896 F.2d 426, 430. However, "[t]his 'cause of action' is ultimately a request for relief - in order to weigh it, this order must examine its underlying claims." *Hafiz v. Greenpoint Mortg. Funding, Inc.,* (N.D.Cal., 2009)  652 F.Supp.2d 1039, 1043 (citing *Boeing Co. v. Cascade Corp.,*

207 F.3d 1177, 1192 (9th Cir.2000)). "'Declaratory relief operates prospectively to declare future rights, rather than to redress past wrongs.' (Citation.) Therefore, '[w]here there is an accrued cause of action for a past breach of contract or other wrong, declaratory relief is inappropriate.' (Citation.)" *Chang Bee Yang v. Sun Trust Mortg., Inc.,* 2011 WL 902108, * 5 (E.D.Cal., 2011) (internal citations omitted.)

Here, Plaintiff failed to allege any actual controversy between the parties. First, Plaintiff is prohibited from challenging Nationstar's authority to foreclose. Second, Plaintiff failed to allege any impropriety with the alleged transfer of the loan. Third, Plaintiff failed to allege that Civil Code §§ 2923.55, 2924.10, or 2923.6 apply to Nationstar or that Nationstar materially violated of the statutes.

### A. Plaintiff does not have standing to challenge Defendants' authority to foreclose.

Plaintiff's challenge to the validity of the Deed of Trust and Nationstar's authority to foreclose fails because Plaintiff lacks standing to assert her claim. Under California law a borrower cannot bring a preemptive judicial challenge to a party's authority to foreclose. In addition, any challenge to the foreclosure process requires that the Plaintiff tender the amounts due on the loan to state viable claim.

First, California recognizes that "[b]y asserting a right to bring a court action to determine whether the owner of the Note has authorized its nominee to initiate the foreclosure process, [plaintiff] is attempting to interject the courts into this comprehensive non-judicial scheme…Nothing in the statutory non-judicial foreclosure scheme suggests that such a preemptive suit challenging standing is permitted or even contemplated.." *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1154 *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 268. "[T]he statutory scheme (§§ 2924–2924k) does not provide for a preemptive suit challenging standing." *Robinson v. Countrywide Home Loans, Inc.*, (2011) 199 Cal.App.4th 42, 46 see also *Siliga v. Mortgage*

*Electronic Registration Systems, Inc.*, (2013) 219 Cal.App.4th 75, 161. A borrower does not have the right to bring a preemptive judicial action to determine defendants' standing to foreclose. *Jenkins v. JP Morgan Chase Bank, N.A.,* 216 Cal.App.4th 497, 512-513 (2013).

Here, Plaintiff is attempting to preemptively challenge Nationstar's authority to foreclose. Plaintiff does not deny that he defaulted on the loan. This action is forcing Nationstar to prove that it has beneficial interest in the note and Deed of Trust. Under California law, Nationstar is not required to demonstrate either. *Lane v. Vitek Real Estate Indus. Group* (E.D.Cal.2010) 713 F.Supp.2d 1092, 1099. Thus, this type of action is improper and fails as a matter of law.

Second, a borrower seeking to maintain any cause of action for irregularity in the foreclosure sale process must do equity by tender the full amount owing under the delinquent loan at the very least, by an offer to tender all of the delinquencies and costs due for redemption. *Abdallah v. United Savings Bank*, (1996) 43 Cal.App.4th 1101, 1109. A condition precedent to any cause of action arising from an alleged wrongful foreclosure is that the borrower must tender or offer to tender a sum sufficient to cure the default. *United States Cold Storage v. Great Western Savings & Loan Association* (1985) 165 Cal.App.3d 1214. The tender rule applies to any cause of action that is "implicitly integrated" with the allegations of an irregular sale. *Arnolds*, *supra,* 158 Cal.App.3d at 579 (quoting *Karlsen v. American Savings & Loan Assoc.*, 15 Cal.App.3d 112, 121 (1971)).

To the extent Plaintiff's claim challenges Nationstar's authority to foreclose, Plaintiff must allege a valid tender of the amounts due on the loan to state a viable claim. However, Plaintiff's Complaint is devoid of any allegation demonstrating that Plaintiff tendered the loan's balance. As a result, Plaintiff's challenge to Nationstar's authority to foreclose is barred by the Tender Rule.

### B. Plaintiff's contention that Nationstar has no authority to foreclose because the Subject Note and Deed of Trust were split is deficiently pled.

To state a claim alleging that the foreclosure is wrongful, Plaintiff must allege "a specific factual basis" that shows "that the foreclosure was not initiated by the correct party." *Gomes v. Countrywide Home Loans, Inc*., (2011) 192 Cal.App. 4th 1149, 1156. Absent such allegations, a non-judicial foreclosure is presumed to have been conducted properly. *Fontenot v. Wells Fargo Bank, N.A.*, (2011) 198 Cal.App. 4th 256, 270.

Here, Plaintiff makes the conclusory allegation that the note was transferred to a Real Estate Mortgage Investment Conduit ("REMIC") Trust and transferred multiple times within the trust without each note holder endorsing the note. (Cplt ¶¶ 6-7). Plaintiff does not state <u>any</u> facts to support this contention. Plaintiff merely speculates that the alleged transfers occurred and concludes that the subject Deed of Trust is now invalid. Thus, the claim is deficiently pled.

Moreover, the argument that the parties lose their interest in a loan when it is transferred to a trust pool or REMIC has been rejected by numerous courts. See, e.g., *Wadhwa v. Aurora Loan Servs*., *LLC*, 2011 WL 2681483, at *4 (E.D.Cal., 2011) (suggestion that "assignment of the note to a [REMIC] renders any interest in the property other than plaintiffs' somehow invalid" has been "rejected by numerous courts"); *Hafiz v. Greenpoint Mortgage Funding, Inc*., 652 F.Supp.2d 1039, 1043 (N.D.Cal.2009) (argument that "all defendants lost their power of sale pursuant to the deed of trust when the original promissory note was assigned to a trust pool" is "both unsupported and incorrect"). Here, Plaintiff's contentions are nothing more than speculative assertions claiming that the Deed of Trust is unenforceable because it was transferred to, and within, a REMIC. As such, Plaintiff's contentions have no legal basis and fail accordingly.

### C. Plaintiff failed to allege that Civil Code §§ 2923.55, 2923.6, and 2924.10 apply.

Plaintiff's statutory violation claims fails because Plaintiff failed to allege that the statutes apply to Plaintiff's loan. Civil Code §§ 2923.55, 2923.6, and 2924.10 only apply to deeds of trusts described in section 2924.15 (owner-occupied and no more than four dwelling units). *Civ. Code* §§ 2923.55(h), 2923.6(j), 2924.10(d); *Civ. Code* § 2924.15. Plaintiff has not alleged that the property is owner-occupied and no more than four dwelling units. Thus, Plaintiff failed to allege that the is protected by any of these statutes.

In addition, Civil Code §§ 2923.55, 2923.6, and 2924.10 do not apply to mortgage servicers that have foreclosed on 175 or fewer residential real properties during the preceding annual reporting period. *Civ. Code* §§ 2923.55(g), 2923.6(i), 2924.10(c); *Civ. Code* § 2924.18(b). Plaintiff has not alleged that Nationstar has foreclosed on 176 or more residential real properties during the preceding annual reporting period. Thus, Plaintiff failed to allege that Nationstar is subject to any of the provisions in these statutes.

### D. Plaintiff's 2923.55 and 2924.10 claims are deficiently pled.

Plaintiff contends that Nationstar, prior to recording the Notice of Default, failed to provide Plaintiff with the pre-foreclosure notice pursuant to Civil Code § 2923.55(b)(1)(B). (Cplt ¶ 9). Plaintiff further contends that Nationstar failed to send a written acknowledgment of receipt and a loan modification application allegedly sent on September 18, 2014, (Cplt ¶ 15). Plaintiff's contentions fail because Plaintiff failed to allege any facts to support the claim or prejudice as a result of any of the alleged violations.

Civil Code § 2923.55(b)(1)(B) provides that prior to recording the Notice of Default a mortgage servicer must send the borrower a written statement that the borrower may request a copy of the note, deed of trust, assignments, and payment history. Civil Code § 2924.10(a) provides: "[w]hen a borrower submits a complete

first lien modification application or any document in connection with a first lien modification application, the mortgage servicer shall provide written acknowledgment of the receipt of the documentation within five business days of receipt." In its initial acknowledgement of receipt of the loan modification application, the mortgage servicer has to include information such as an estimate of when a decision on the loan modification will be made, any expiration dates for submitted documents, and any deficiency in the application. *Id.* Civil Code § 2924.12 provides that a borrower can enjoin a material violation of Civil Code §§ 2923.55 and 2924.10 (among others) before the recording of the trustee's deed upon sale. *Civ. Code* § 2924.12(a). The statute provides a "safe harbor," precluding liability "for any violation ... corrected and remedied prior to the recordation of a trustee's deed upon sale." *Id.*; *Civ. Code* § 2924.12(c); see also, *Jent v. Northern Trust Corp.* (E.D. Cal., 2014) 2014 WL 172542, at *5.

First, Plaintiff's claims fail because they are devoid of any factual support. Plaintiff merely concludes that he did not receive the notices required by Civil Code §§ 2923.55 and 2924.10. Plaintiff does not allege that the 2923.55 notice was not <u>sent</u>; merely that he did not receive the alleged notice. (Cplt ¶¶ 9-10.) Because the Civil Code only requires a mortgage servicer to send the written notice, Plaintiff failed to state a viable claim. Further, Plaintiff has failed to allege that any of the alleged violations have not been cured. *Civ. Code* § 2924.12(c). This is material because Nationstar is not liable for any of the alleged violations if they are cured prior to recording the Trustee's Deed Upon Sale, which has yet to be recorded.

Second, Plaintiff's claims fail because Plaintiff did not allege that he suffered any prejudice as a result of the statutory violations. It is now well established that a party challenging a foreclosure process must demonstrate that a failure to comply with the procedural requirements governing the nonjudicial foreclosure process caused him or her prejudice. *Fontenot, supra*, 198 Cal. App.

4th at 272 (plaintiffs cannot allege prejudice when they concede default). California courts have readily rejected contentions of a defective foreclosure process where no prejudice was suffered as the result of the procedural irregularity. *Pantoja v. Countrywide Home Loans Inc.*, (N.D. Cal. 2009) 640 F.Supp.2d 1177, 1186. "Prejudice is not presumed from 'mere irregularities' in the process." *Id.* Similarly, a Plaintiff must allege damages as result of statutory violations. *Rockridge Trust v. Wells Fargo Bank, N.A.*, 2013 WL 5428722, *27.

Here, Plaintiff did not allege that he suffered any prejudice or damages as the result of Nationstar's alleged failure to provide notices required under Civil Code §§ 2923.55 or 2924.10. Plaintiff does not allege that the failure to provide the alleged pre-foreclosure notices under 2923.55 caused Plaintiff any injury or in any way prevented Plaintiff from curing his default on the loan. Plaintiff also fails to allege that he was prejudiced by not receiving an acknowledgment of receipt of the alleged loan modification application. Indeed, even if the acknowledgment was not sent, Plaintiff alleges that the loan modification application submitted on September 18, 2014 was complete and is under review. (Cplt ¶ 14.) Thus, any alleged failure to provide an acknowledgement letter and notice of missing documents under Civil Code § 2924.10 is immaterial. Accordingly, the alleged statutory violations (which Nationstar denies) are mere irregularities and insufficient to state a viable claim.

### E. Plaintiff's third claim for violation of Civil Code § 2923.6 fails as pled.

Plaintiff alleges that Nationstar violated California Civil Code section 2923.6(c) by proceeding with recording the Notice of Trustee's Sale while a completed loan modification application was under review. (Cplt ¶ 16.) Plaintiff has failed to allege any such violation by these defendants.

Civil Code § 2923.6 provides, in pertinent part, that a mortgage servicer, mortgagee trustee, beneficiary, or authorized agent shall not record a notice of

default, notice of trustee's, or conduct a sale while a borrower's complete first lien loan modification application is pending (i.e., "dual-tracking"). *Civ. Code* §2923.6(c). Subdivision (d) states that if the application is denied then the borrower shall have 30 days from the date of the written denial to appeal the denial provide evidence that the mortgage servicer's determination was in error. *Civ. Code* §2923.6(d).

Here, Plaintiff does not allege any facts to support his claim. Plaintiff makes a conclusory allegation that he submitted a loan modification application on September 18, 2014 and that the recording of the Notice of Trustee's Sale almost four-months later violated the statute. (Cplt ¶¶ 14-16.) Plaintiff does not allege what documents were submitted, how the documents were submitted, where they were submitted, or to whom they were submitted. Instead, Plaintiff merely recites a date that he allegedly submitted a loan modification application, certain provisions of section 2923.6, and then, with nothing more, concludes that Nationstar recorded a notice of sale in violation of 2923.6. (Cplt, ¶¶ 14-16.) Since Plaintiff has failed to allege any actual facts to support their section 2923.6 claim, his contention that Nationstar violated the provisions of section 2923.6 fail. *Valenzuela v. Wells Fargo Bank Nat. Ass'n*, 2014 WL 309438, at *12 (E.D. Cal., 2014) (holding that the plaintiff's section 2923.6 claim failed because no supporting facts were alleged in the complaint).

In addition, Plaintiff's Complaint is devoid of any allegations regarding his prior loss mitigation history. (Cplt ¶¶ 90-95.) This is especially problematic because Civil Code section 2923.6(c)(3) allows the recordation of foreclosure notices where a borrower "accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification." *Civ. Code* §2923.6(c)(3). In addition, Civil Code § 2923.6(g) expressly provides that a mortgage servicer is not obligated to evaluate applications from borrowers who have already been evaluated for a first lien loan

MEMORANDUM OF POINTS AND AUTHORITIES
10

modification, or who have had a fair chance for a modification review prior to January 1, 2013, unless there has been a material change in financial circumstances and that change is documented by the borrower and submitted to the mortgage servicer. *Civ. Code* §2923.6(g). Since Plaintiff did not allege any facts regarding their prior loss mitigation history, it is impossible to determine whether Plaintiffs are even entitled to any protection pursuant to section 2923.6.

Finally, Plaintiff fails to allege that he suffered any prejudice due to the alleged violation of 2923.6. *Shaterian v. Wells Fargo Bank* (N.D.Cal.2011) 2011 WL 2314151, * 5. As stated above, a claim that a foreclosure is defective cannot survive without an allegation that prejudice was suffered as the result of the procedural irregularity. *Pantoja, supra*, 640 F.Supp. 2d at 1186; *Lehner, supra,* 685 F.2d at 1190-1191; *Fontenot, supra*, 198 Cal. App. 4th at 272. Here, Plaintiff has not, and cannot, allege that he suffered any prejudice as the result of Nationstar's alleged statutory violation. Plaintiff had over two-years to avoid this foreclosure and seek loss mitigation assistance. Thus, any loss or prejudice suffered by Plaintiff related to the foreclosure is the result of Plaintiff's failure to make his loan payments and pursue loss mitigation prior to the eve of the foreclosure sale.

## IV.     CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant the Motion to Dismiss, with prejudice.

Dated:  January 14, 2015     BARRETT DAFFIN FRAPPIER
                             TREDER & WEISS, LLP

                             By: /s/Daniel A. Valenzuela
                                 Daniel A. Valenzuela
                                 Attorneys for Defendant
                                 NATIONSTAR MORTGAGE LLC